¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, SUMMERS, JJ., concur in result.

2001 OK 108

**Harlan HICKS, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND and The Workers' Compensation Court, Respondents.**

No. 95,800.

Supreme Court of Oklahoma.

Dec. 4, 2001.

ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund*, 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The cause is remanded to the Workers' Compensation Court for proceedings consistent with this Court's decision in *Autry*.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of December, 2001.

¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, and SUMMERS, JJ., concur in result.

2001 OK 106

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Connie YOUNG and The Workers' Compensation Court, Respondents.**

No. 95,378.

Supreme Court of Oklahoma.

Dec. 4, 2001.

ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund*, 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The award of benefits by the Workers' Compensation Court from the Multiple Injury Trust Fund is sustained.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of December, 2001.

¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, SUMMERS, JJ., concur in result.

■

2001 OK 109

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Clarissa HILL and The Workers' Compensation Court, Respondents.**

No. 95,853.

Supreme Court of Oklahoma.

Dec. 4, 2001.

## ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund*, 2001 OK 79, 38 P.3d 213 (2001) is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The award of benefits by the Workers' Compensation Court from the Multiple Injury Trust Fund is sustained.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of December, 2001.

¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, and SUMMERS, JJ., concur in result.

■

2001 OK 105

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Peggy MORIN and The Workers' Compensation Court, Respondents.**

No. 95,176.

Supreme Court of Oklahoma.

Dec. 4, 2001.

## ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund*, 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The award of benefits by the